

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0581-22 & PD-0582-22

### BEECHER MONTGOMERY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**WALKER, J., filed a dissenting opinion.**

### DISSENTING OPINION

The Court's opinion today retreads old ground. It is well-settled that regular probation revocation hearings are not criminal prosecutions. *See Hill v. State*, 480 S.W.2d 200, 202 (Tex. Crim. App. 1971). Nevertheless, the Court considers the "question before us today [of] whether" a hearing on "a motion to enter adjudication of guilt from a deferred adjudication followed by a motion to revoke probation lies

within a 'criminal prosecution' as understood by the Sixth Amendment or not." Majority opinion at 6. And the Court answers, finding no error in this case "[b]ecause the Confrontation Clause does not apply to probation revocation and adjudication of guilt hearings," *id.* at 2, and concluding that "[t]he trial court did not err . . . because [the Confrontation Clause] did not apply to an adjudication of guilt and probation revocation hearing." *Id.* at 8.

But probation revocation hearings are not the issue. If probation revocation hearings are what this case is about, we would not have granted Appellant's petition for discretionary review. The reason why we granted this petition is because this case involves a hearing on a motion to adjudicate, as well as a hearing on a motion to revoke probation.[1]

Instead of focusing on the significance of deferred adjudication on its own terms, the Court's analysis revolves primarily around regular probation. To the extent it mentions deferred adjudication, the Court off-handedly tosses deferred in the

---

[1] We granted Appellant's second issue raised in his petition, which argued that:

The Second Court of Appeals decided an important question of federal law that conflicts with Court of Criminal Appeals decisions when it held that Appellant's Sixth Amendment right to confront witnesses was not violated by having a virtual ***hearing on a motion to adjudicate guilt*** and subsequent sentencing hearing despite his request to be physically present before and during the proceedings.

(emphasis added).

probation box, *see* majority op. at 7 ("community supervision (which includes deferred adjudication)"), and notes that a trial judge may withhold a finding of guilt and grant deferred adjudication to a defendant. *Id.* at 7–8.

Of course, deferred adjudication and probation have similarities. Both involve community supervision, where a person is released for a period of time and is required to abide by certain conditions. If he successfully does so, then he remains free, and if he does not, he is subject to being jailed or imprisoned.

But the two are also different. There is an argument that, unlike a hearing on a motion to revoke probation, a hearing on a motion to adjudicate is an integral part of the criminal prosecution against the defendant. Deferred adjudication occurs *before* the conviction and sentence. The defendant, although having pleaded guilty, remains unconvicted and unsentenced. The criminal prosecution itself is not over yet. TEX. CODE CRIM. PROC. Ann. art. 42A.101(a) (further proceedings are deferred). It is still ongoing and paused while the defendant goes on deferred adjudication community supervision. *Middleton v. State*, 634 S.W.3d 46, 50 (Tex. Crim. App. 2021) (characterizing deferred adjudication as a pause in the proceedings). The criminal prosecution *can* resume as if there had been no deferred adjudication, if the court finds that the defendant violated a condition of his deferred adjudication community

supervision. TEX. CODE CRIM. PROC. Ann. arts. 42A.108, 42A.110. Or the criminal prosecution does not resume, if the trial court concludes that there was no violation. Or the criminal prosecution gets dismissed entirely, if the defendant successfully completes the term of community supervision. *Id.* art. 42A.111(a). A hearing on a motion to adjudicate could have a direct impact on whether the defendant is convicted, what sentence he might receive, and even the possibility of probation. *Id.* art. 42A.110. The result of the criminal prosecution depends upon the result of the deferred adjudication proceeding.

In contrast, with regular probation the judgment of conviction has already been entered, and the sentence has already been pronounced. The criminal prosecution has already concluded, and probation and any probation revocation hearing occur *afterward*. The facts of conviction and sentence do not change, no matter what procedural protections are, or are not, afforded to the defendant in a hearing on a motion to revoke regular probation.

Deferred is different from regular probation. That is why this case mattered.

It is questionable whether the Court even addresses the actual issue before us of whether the Confrontation Clause of the Sixth Amendment applies in hearings on motions to adjudicate. Instead, the Court reiterates that a hearing on a motion to

revoke probation is not a criminal prosecution, and simply notes in passing that deferred adjudication is probation.

This Court should squarely address whether the right to be present under the Confrontation Clause of the Sixth Amendment applies in a hearing on a motion to adjudicate because it is, or is not, *part of the criminal prosecution*.[2] That is the point of Appellant's case, not regular probation.

I respectfully dissent.

Filed: July 2, 2026
Publish

---

[2] I do want to acknowledge that Judge Keel, Judge Finley, and Judge Parker offer their own opinions on that question.